## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RONNIE S. STEIN,<br><br>        Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>        Defendant. | Case No. 2:13-cv-01956-RFB-CWH<br><br>**REPORT AND RECOMMENDATION** |

### INTRODUCTION

This case involves judicial review of an administrative action by the Commissioner of Social Security ("defendant") denying Plaintiff Ronnie S. Stein's ("plaintiff") application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. Before the Court is plaintiff's Motion for Reversal or Remand (doc. # 14), filed February 27, 2014, and defendant's Response and Cross-Motion to Affirm (docs. # 16, # 17),[1] filed March 27, 2014. Also before the Court is plaintiff's Reply (doc. # 18), filed April 15, 2014. This action was referred to the undersigned magistrate judge for a report of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4.

### BACKGROUND

In February 2008, plaintiff applied for disability insurance benefits and supplemental security income, alleging an onset date of December 3, 2007. AR[2] 186-200. Plaintiff's claim was denied initially on May 14, 2008, and upon reconsideration on September 16, 2008. AR 79-95. Plaintiff subsequently filed a request for a hearing with an Administrative Law Judge ("ALJ"), but this request was dismissed

---

[1] Defendant filed both an opposition to plaintiff's motion and a cross-motion to affirm. See Docs. # 16, 17. This Court's review of these two documents reveals that the arguments presented are identical. Therefore, this Court refers only to defendant's cross-motion, doc. # 16, even though an identical argument is presented in defendant's opposition, doc. # 17.

[2] AR refers to the administrative record lodged with this Court. See Doc. # 13.

for plaintiff's failure to appear. AR 70-74. Nevertheless, the Appeals Council remanded plaintiff's case to the ALJ on September 10, 2011. AR 75. A hearing was held before the ALJ on January 5, 2012. AR 39-65. On February 8, 2012, the ALJ issued a decision, finding plaintiff was not disabled from December 3, 2007, through the date of the decision. AR 24-38. The Appeals Council denied plaintiff's request for review on July 23, 2013, rendering the ALJ's decision final.[3] AR 4-9. Plaintiff, on October 25, 2013, commenced the instant action for judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c). See Doc. # 3.

## DISCUSSION

**1.    Legal Standards**

   **a.        Judicial Standard of Review**

The court reviews administrative decisions in social security disability benefits cases under 42 U.S.C. § 405(g). Section 405(g) states that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." Akopyan v. Barnhart, 296 F.3d 852, 854 (9th Cir. 2002). The court may enter, "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." Id. The Ninth Circuit reviews de novo a decision issued by a district court in such cases. Batson v. Commissioner, 359 F.3d 1190, 1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); Ukolov v. Barnhart, 420 F.3d 1002 (9th Cir. 2005). However, these findings may be set aside if they are based on legal error or not supported by substantial evidence. See Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1052 (9th Cir. 2006); see also Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." See Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995); see also Bayliss v. Barnhart, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, a court reviews "the administrative record as a whole, weighing both the evidence that supports and the

---

[3] The ALJ's decision becomes the final administrative decision of defendant.

2

evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); see also Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996). The Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. Batson, 359 F.3d at 1193. When the evidence supports more than one rational interpretation, a court must defer to the Commissioner's interpretation. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005); see also Flaten v. Sec'y of Health and Human Serv., 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so the court does not speculate as to the basis of the findings when reviewing the Commissioner's decision. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. Lewin v. Schweiker, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." Id.

**b.     Disability Evaluation Process**

An individual seeking disability benefits has the initial burden of proving disability. See Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995). An individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." See 42 U.S.C. § 423(d)(1)(A). The individual must provide "specific medical evidence" in support of the claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. Batson, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. See 20 C.F.R. §§ 404.1520 and 416.920; see also Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he or she can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. See 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); see also Barnhart v. Thomas, 540 U.S. 20, 24 (2003). The first step requires the ALJ to

determine whether the individual is currently engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(b) and 416.920(b). Substantial gainful activity is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b) and 416.972(a)-(b). If the individual is currently engaging in substantial gainful activity, then a finding of not disabled is made. If the individual is not engaging in substantial gainful activity, then the analysis proceeds to step two.

The second step addresses whether the individual has a medically determinable impairment, or combination of impairments, that is severe and significantly limits performance of basic work activities. 20 C.F.R. §§ 404.1520(c) and 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. See 20 C.F.R. §§ 404.1521 and 416.921; Social Security Rulings ("SSR") 85-28, 96-3p, and 96-4p.[4] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appedix 1. See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. §§ 404.1509 and 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h) and 416.920(h). If the individual's impairment, or combination of impairments, does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four, but, before moving to step four, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e) and 416.920(e).

The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. See SSR 96-8p. In

---

[3] An SSR constitutes the Social Security Administration's official interpretation of the statute and its regulations. See Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1224 (9th Cir. 2009); see also 20 C.F.R. § 402.35(b)(1). An SSR is entitled to some deference as long as it is consistent with the Social Security Act and regulations. Bray, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

determining the RFC, an ALJ must consider all relevant evidence, including all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSR 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, an ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927, and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

At step four, the ALJ must determine whether the individual has the RFC to perform past relevant work, which means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last fifteen years or fifteen years prior to the date that disability must be established. See 20 C.F.R. §§ 404.1520(f) and 416.920(f). In addition, the work must have lasted long enough for the individual to learn the job and performed as substantial gainful activity. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), and 416.965. If the individual has the RFC to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any past relevant work or does not have any, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g) and 416.920(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates other work exists in significant numbers in the national economy that the individual can do. Yuckert, 482 U.S. at 141-42.

**2.     The ALJ's Decision**

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. AR 19-29. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity from the alleged onset date of December 3, 2007. AR 29. At step two, the ALJ found that plaintiff had severe impairments of obesity, status post spine injury, polysubstance abuse, Hepatitis C,

depressive disorder, and a burn injury treated and resolved with treatment (but must use gloves). Id. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 33. Under step four, the ALJ found that plaintiff had the RFC to perform the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), and could perform his past relevant work as a counter person based on the testimony of a vocational expert. Id. Under step five, the ALJ determined that plaintiff could perform jobs that exist in significant numbers in the national economy. AR 33-34. As such, the ALJ concluded that plaintiff was not disabled from the alleged onset date of December 3, 2007 until the date of the decision. AR 34.

**3.    Analysis**

Plaintiff seeks reversal or remand of the ALJ's decision, claiming the ALJ's finding that plaintiff retains the ability to perform his past relevant work as a counter person is not supported by substantial evidence. See Doc. # 14 at 6. Plaintiff explains the ALJ relied on a vocational expert's testimony[4] that plaintiff, who is limited to performing simple tasks with simple instructions, could perform his past relevant work as a counter person, which the Dictionary of Occupational Titles ("DOT") classifies as light, semi-skilled work, with a Specific Vocational Preparation ("SVP") of level 3. Id. at 6-7 (citing AR 34, 57, 59-61; Doc. # 14-1). Plaintiff contends the ALJ chose to deviate from the DOT classification, but erred by failing to "elicit a reasonable explanation for the conflict" between the DOT classification and vocational expert's testimony. Id. at 7. Rather, per plaintiff, his own counsel sought an explanation for the conflict at the hearing, with the vocational expert stating that work limitations do not necessarily turn on SVP levels but on General Educational Development ("GED") levels, and that a counter person's GED level is set at a reasoning level of two, math level of one, and language level of two. Id. at 9 (citing AR 61-62). However, per plaintiff, this explanation is "unreasonable" because a reasoning level of two "requires the ability to apply commonsense understanding to carry out detailed but uninvolved written or oral instructions and deal with problems involving a few concrete variables or in or from standardized situations," which plaintiff, with his simple tasks and simple instructions limitation, cannot perform. Id. Because the expert testimony is unreasonable, plaintiff concludes that it cannot serve as substantial evidence to support the ALJ's finding. Id. at 10.

---

[4] The vocational expert appeared at the January 5, 2012 hearing held before the ALJ. AR 39.

Defendant, in opposition, argues that plaintiff's assertions are "untenable." Doc. # 16 at 3. First, per defendant, while the ALJ may not have directly asked about the conflict between the DOT and vocational expert testimony, the Ninth Circuit has held such error harmless, especially when the vocational expert addresses the conflict and provides sufficient support for his conclusions, as in this case. Id. at 4 (citing Massachi v. Astrue, 486 F.3d 1149, 1154 n.19 (9th Cir. 2007)). In essence, per defendant, just because the question regarding the conflict came from plaintiff's counsel, it does not establish reversible error. Id. Second, per defendant, the SSR 00-4p explains that the DOT lists "maximum requirements of occupations as generally performed" and therefore a vocational expert "may be able to provide more specific information about jobs or occupations than the DOT." Doc. # 16 at 3 (citing SSR 00-4p) (emphasis added). In this case, per defendant, the vocational expert testified that despite plaintiff's limitations and the DOT's classification of a counter person as semi-skilled, performance of the counter person job can turn on GED levels and, given plaintiff's GED levels and past relevant work as a counter person, allows plaintiff to perform that job as simple, routine work. Id. at 4. Indeed, per defendant, a court in this circuit has found that the DOT's description for reasoning levels is not a "one-to-one" parallel with the definitions utilized by social security regulations, and to equate social security regulations with DOT definitions would be a "blunderbuss." Id. (citing Miessl v. Barnhart, 403 F. Supp. 2d 981, 983 (C.D. Cal. 2005)). Moreover, defendant points out that courts have found that while a claimant may be limited to simple, repetitive work, the claimant could still perform jobs with a GED reasoning level of 3. Id. at 5 (citing, among others, Renfrow v. Astrue, 496 F.3d 918, 921 (8th Cir. 2007)). Defendant also points out that courts in this circuit have held an RFC for simple, repetitive work does not preclude a claimant from performing jobs with a reasoning level of 2. Id. (citing, among others, Salazar v. Astrue, No. EDCV0700565MAN, 2008 WL 4370056, at *7 (C.D. Cal. Sep. 23, 2008)). Given such, per defendant, plaintiff fails to establish that the ALJ committed reversible error in this case and even if the Court found otherwise, plaintiff would still not be entitled to benefits. Id. at 6-7.

In reply, plaintiff restates his earlier assertions. See Doc. # 18 at 3-4. Plaintiff also contends the ALJ failed to make an explicit finding that the vocational expert's explanation was reasonable, which constitutes reversible error and prevents this Court from determining whether the ALJ's finding is supported by substantial evidence. Id. at 4-5.

This Court agrees with defendant. While the ALJ may not have directly asked about the discrepancy between the DOT and vocational expert testimony, this Court finds the error harmless especially since the ALJ was able to consider the vocational expert's testimony on this issue at the hearing, and the expert provided sufficient basis for his opinion. AR 61-63. Moreover, the Court agrees with many other courts that while a claimant may be limited to simple, repetitive work, he or she could still perform jobs with a GED reasoning level of 2 or 3, especially in cases where, as here, plaintiff successfully engaged in that type of work before and nothing in the record indicates plaintiff's reasoning level substantially changed since that time. The Court also finds that the ALJ carefully reviewed and weighed all relevant medical opinions, regulations, and guidelines in determining plaintiff's RFC and in rendering a final decision in plaintiff's case. Given such, this Court finds that plaintiff fails to establish the ALJ committed reversible error.

**CONCLUSION AND RECOMMENDATION**

Accordingly, **IT IS HEREBY RECOMMENDED** that plaintiff's Motion for Reversal or Remand (doc. # 14) be **denied**.

**IT IS FURTHER RECOMMENDED** that defendant's Cross-Motion to Affirm (doc. # 16) be **granted**.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The U.S. Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. Thomas v. Arn, 474 U.S. 140, 142 (1985). This circuit has also held that failure to file objections within the specified time, and failure to properly address and brief the objectionable issues, waives the right to appeal the district court's order and/or appeal factual issues from the order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991); Britt v. Simi Valley United Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983).

DATED: February 9, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**