UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Ronnie S. Stein,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>Carolyn W. Colvin, Acting Commissioner of Social Security Administration,<br><br>　　　　　　Defendant. | Case No. 2:13-cv-01956-RFB-CWH<br><br>ORDER ACCEPTING REPORT AND RECOMMENDATION |

**I.　INTRODUCTION**

Before the Court is Plaintiff Ronnie S. Stein's Motion to Remand (ECF No. 14) and Carolyn Colvin, Acting Commissioner of the Social Security Administration's ("Commissioner") Cross Motion to Affirm (ECF No. 16). On February 9, 2015, the Honorable C.W. Hoffman Jr., United States Magistrate Judge, issued a Report and Recommendation ("R&R") in which he recommended Stein's motion be denied and Defendant's motion be granted. EFC. No. 21. Stein timely objected (EFC No. 22), and a response was filed by Defendant (EFC. No. 23). For the reasons discussed below, the Court adopts the R&R, denies Stein's Motion to Remand and grants the Commissioner's Cross Motion to Affirm.

**II.　BACKGROUND**

Neither party objects to Judge Hoffman's summary of the background facts, and so the Court incorporates, without restating, that background section here. See R&R, 1-2.

**III.　STANDARD OF REVIEW**

A party may file specific written objections to the findings and recommendations of a

1  magistrate judge. 28 U.S.C. § 636(b)(1); D. Nev. R. IB 3-2(a). When written objections have
2  been filed the district court is required to "make a de novo determination of those portions of the
3  report or specified proposed findings or recommendations to which objection is made." 28
4  U.S.C. § 636(b)(1). A district court "may accept, reject, or modify, in whole or in part, the
5  findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

6        42 U.S.C. § 405(g) provides for judicial review of the Commissioner's disability
7  determinations and authorizes district courts to enter "a judgment affirming, modifying, or
8  reversing the decision of the Commissioner of Social Security, with or without remanding the
9  cause for a rehearing." In undertaking that review, an Administrative Law Judge's (ALJ's)
10 "disability determination should be upheld unless it contains legal error or is not supported by
11 substantial evidence." Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014). "Substantial
12 evidence means more than a mere scintilla, but less than a preponderance; it is such relevant
13 evidence as a reasonable person might accept as adequate to support a conclusion." Id. (quoting
14 Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007)).

15       "If the evidence can reasonably support either affirming or reversing a decision, [a
16 reviewing court] may not substitute [its] judgment for that of the Commissioner." Lingenfelter,
17 504 F.3d at 1035. Nevertheless, the court may not simply affirm by selecting a subset of the
18 evidence supporting the ALJ's conclusion, nor can the Court affirm on a ground on which the
19 ALJ did not rely. Garrison, 759 F.3d at 1009–10. Rather, the court must "review the entire record
20 as a whole, weighing both the evidence that supports and the evidence that detracts from the
21 ALJ's conclusion," to determine whether that conclusion is supported by substantial evidence.
22 Andrews v. Shalala, 53 F.3d 1035, 1040 (9th Cir. 1995).

23       "The ALJ is responsible for determining credibility, resolving conflicts in medical
24 testimony, and for resolving ambiguities." Id, at 1039. The Commissioner may reject a medical
25 opinion by providing "specific and legitimate reasons" supported by substantial evidence in the
26 record for so doing." Id. at 1041. Moreover, a conclusory statement by a medical source that a
27 person is "disabled" or "unable to work" is entitled to no special significance. 20 C.F.R. §
28 404.1527(e), § 416.927(e), Matney on Behalf of Matney v. Sullivan, 981 F.2d 1016, 1019 (9th

1 Cir. 1992). "Where an ALJ does not explicitly reject a medical opinion or set forth specific,
2 legitimate reasons for crediting one medical opinion over another, he errs." Garrison, 759 F.3d at
3 1013.

4

5 **IV.  DISCUSSON**

6 The Court has conducted a *de novo* review of the filings in this case, including the papers
7 related to the Administration's motion to dismiss and Stein's objections to the Report and
8 Recommendation. In his R&R, Judge Hoffman found that while the ALJ in Stein's case did not
9 directly ask the vocational expert ("VE") about the discrepancy between the Dictionary of
10 Occupational Titles ("DOT") and the VE's testimony, he found the error harmless because the
11 expert provided a sufficient basis for his opinion. R&R, 8. Further, Judge Hoffman found that
12 while Stein was limited to simple, repetitive work, he could still perform jobs with a GED
13 reasoning level of 2 or 3 where he had engaged in that type of work previously, and nothing in
14 the record indicates that his reasoning level had changed substantially since that time. Id. The
15 Court sees no basis to disturb Judge Hoffman's finding and therefore adopts it in full.

16 Stein objects to the R&R's affirmation of the ALJ's decision and asserts the ALJ
17 committed a legal error in finding Stein can perform past relevant semi-skilled work without
18 making an explicit finding that the explanation for the deviation between the VE's testimony and
19 the DOT's characterization of semi-skilled labor.

20 SSR 00–4p requires that where a VE provides evidence about job requirements, the ALJ
21 has "*an affirmative responsibility*" to ask about conflicts between the VE's testimony and the
22 DOT and obtain a "reasonable explanation" for any conflict. Massachi v. Astrue, 486 F.3d 1149,
23 1152-53 (9th Cir. 2007) (emphasis in the original). In that same opinion, the Ninth Circuit noted
24 that where an ALJ fails to make this inquiry to the VE, there may nonetheless be a reasonable
25 explanation for the conflict where the VE had provided sufficient support for her conclusion so
26 as to justify any potential conflicts. Id. at 1154, n. 19.

27 Plaintiff argues that there was a conflict between the VE's testimony that plaintiff,
28 limited to performing simple tasks with simple instructions, could perform his past relevant work

1 as a counter person, which the Dictionary of Occupational Titles ("DOT") classifies as light,
2 semi-skilled work, with a Specific Vocational Preparation ("SVP") of level 3. ECF No. 14 at 6.
3 However, the Court finds that as an initial matter, SSR 00-4P states that "[t]he DOT lists
4 *maximum* requirements of occupations as generally performed, not the range of requirements of a
5 particular job as it is performed in specific settings. A VE… may be able to provide more
6 specific information about jobs or occupations than the DOT." (emphasis added). In this case,
7 Stein's own counsel questioned the VE as to the alleged discrepancy, who in turn stated that
8 work limitations do not necessarily turn on Specific Vocational Preparation ("SVP") levels but
9 on General Educational Development ("GED") levels, and that a counter person's GED level is
10 set at a reasoning level of two, math level of one, and language level of two. AR 61-62. The
11 Ninth Circuit has previously found that persons with Reasoning Level 2 jobs are not precluded
12 from simple work such as Plaintiff's. See, e.g., Lara v. Astrue, 305 F. App'x 324, 326 (9th Cir.
13 2008) ("Reasoning Level 1 jobs are elementary, exemplified by such tasks as counting cows
14 coming off a truck, and someone able to perform simple, repetitive tasks is capable of doing
15 work requiring more rigor and sophistication—in other words, Reasoning Level 2 jobs.").

16 The Court affirms Judge Hoffman's R&R and agrees that the ALJ's failure to directly
17 question the VE—immediately after Plaintiff's counsel—about the alleged deviation between the
18 VE's testimony and the DOT classification was harmless error, because the VE provided a
19 sufficient basis for his opinion, which the ALJ had the opportunity to consider at the hearing.
20 The Court agrees that while Plaintiff may be limited to simple, repetitive work, he could perform
21 jobs with a GED reasoning level of 2 where he engaged in such work before and his reasoning
22 level not having changed substantially since that time. Therefore, Plaintiff's motion to remand is
23 DENIED and Commissioner's Motion to Affirm is GRANTED.

24

25 **V.    CONCLUSION**
26       Accordingly,
27       **IT IS ORDERED** that the Report and Recommendation, ECF No. 21, is **AFFIRMED**.
28       **IT IS FURTHER ORDERED** Plaintiff Ronnie S. Stein Motion to Remand, ECF No.

14, is **DENIED**.

      **IT IS FURTHER ORDERED** Carolyn Colvin, Acting Commissioner of the Social Security Administration's Cross Motion to Affirm, ECF No. 16, is **GRANTED**.

      DATED: April 14, 2016.

                                                     **RICHARD F. BOULWARE, II**
                                                     **United States District Judge**